UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO ANTONIO CASTILLO LACHAPEL,

                          Petitioner,

-v.-

WILLIAM JOYCE, et al.,

                          Respondents.

25 Civ. 4693 (JHR)

MEMORANDUM OPINION & ORDER

---

JENNIFER H. REARDEN, District Judge:

On June 4, 2025, Petitioner Francisco Antonio Castillo Lachapel filed a petition for a writ of habeas corpus against William Joyce, in his official capacity as the Acting Field Office Director of the New York Field Office for U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem, in her official capacity as Secretary of Homeland Security; and Pam Bondi, in her official capacity as Attorney General of the United States, claiming violations of the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1225(b)(1)(A) (*i.e.*, the expedited removal statute), and the Fifth Amendment to the U.S. Constitution. ECF No. 1 (Petition) at ¶¶ 31-49. On June 10, 2025, based on evidence that Petitioner had "been physically present in the United States continuously for the 2-year period immediately prior to" being detained, 8 U.S.C. §1225(b)(1)(A)(iii), ICE canceled a Notice and Order pursuant to the expedited removal statute that it had previously issued to Petitioner. ECF No. 10 (Caballero Decl.) ¶ 14. On June 11, 2025, ICE commenced new removal proceedings against Petitioner pursuant to the INA, 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled." Caballero Decl. ¶¶ 15-17. An initial master calendar hearing has been scheduled for July 1, 2025 at the Elizabeth Immigration Court in Elizabeth, New Jersey. *Id.* ¶ 17. For the reasons set forth below, the Petition is DENIED without prejudice.

# BACKGROUND[1]

Petitioner is "a citizen of the Dominican Republic," Petition ¶ 1, who "unlawfully entered the United States by crossing the border in Texas on June 1, 2022," Caballero Decl. ¶ 10; *see* Petition ¶ 9 ("On information and belief, [Petitioner] entered the U.S. without inspection on or around June 2, 2022."). Petitioner lives in New York City, Petition ¶ 1, with his wife, a U.S. citizen, and his stepson, *id.* ¶ 8. On or about January 17, 2025, Petitioner was "stopped in a routine traffic stop . . . while driving in Maine," detained by ICE, and issued a Notice to Appear. *Id.* ¶ 12. The Notice to Appear charged Petitioner with removability as "[a]n alien present in the United States without being admitted or paroled," 8 U.S.C. § 1182(a)(6)(A)(i), *see Petition* ¶ 12, and advised that Petitioner was to appear before an immigration judge in New York, New York, for a hearing scheduled to occur on March 7, 2025," Caballero Decl. ¶ 5. The immigration court subsequently rescheduled Petitioner's hearing for June 4, 2025. *Id.* ¶ 6.

On June 4, 2025, Petitioner appeared without counsel for his "initial master calendar hearing" before an immigration judge. *Id.* ¶ 7. During the hearing, the immigration judge issued "initial advisals concerning the nature of the proceedings." *Id.* ICE then "made an oral motion to dismiss the removal proceedings pursuant to 8 C.F.R. § 239.2(c)," *id.*, based on its understanding that "[Petitioner] [wa]s amenable to expedited removal proceedings under the INA § 235, 8 U.S.C. §1225," *id.* ¶ 8. Petitioner opposed the motion. *Id.* ¶ 7. The Immigration Judge granted ICE's motion and dismissed the proceedings on the record. *Id.* "As [Petitioner] left the courtroom, he was detained by [ICE]." Petition ¶ 16. Following Petitioner's arrest, "ICE

---

[1] "The facts described below are drawn from [the] Petition[, from] [the declaration] . . . submitted in support of the Government's [opposition]," and from Petitioner's reply in further support of the Petition, ECF No. 11 (Reply). *See Michalski v. Decker*, 279 F. Supp. 3d 487, 491 (S.D.N.Y. 2018).

personally served [Petitioner] with a Notice and Order of Expedited Removal pursuant to" the expedited removal statute, 8 U.S.C. § 1225(b)(1).  Caballero Decl. ¶ 9.

Petitioner was detained at ICE's "hold room facility" at 26 Federal Plaza, New York, New York "pending [his] transfer to [a] long-term accommodation."  *Id*. ¶ 11.  On June 4, 2025, Petitioner filed the instant Petition, alleging, *inter alia*, violations of the expedited removal statute, 8 U.S.C. § 1225(b), and the due process clause of the Fifth Amendment in connection with being subjected to expedited removal proceedings and detention.  "ICE ultimately secured bedspace for [Petitioner] at Delaney Hall Detention Facility in Newark, New Jersey, and he was transferred there late in the evening on June 6, 2025."  ECF No. 9 (Opp.) at 7 (citing Caballero Decl. ¶ 11).

"On June 6, 2025, an attorney acting on behalf of [Petitioner] provided ICE with evidence that [Petitioner] ha[d] been present in the United States for longer than two years (for purposes of showing he [wa]s not amenable to expedited removal)."  *Id*. (citing Caballero Decl. ¶ 13).  Petitioner filed an application for an order to show cause on June 8, 2025.  ECF No. 5.  The Court set a briefing schedule the next day.  ECF No. 6.

On June 10, 2025, upon determining "that [Petitioner] [wa]s not amenable to expedited removal and [that he could] only be placed in removal proceedings under [8 U.S.C. § 1229a]," ICE canceled the expedited removal order.  Caballero Decl. ¶ 14.  Later that day, ICE issued a new Notice to Appear "charging [Petitioner] with removability pursuant to . . . 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled," *id*. ¶ 15, "thereby commencing removal proceedings" under 8 U.S.C. §1229a, Opp. at 8.  An "initial master [calendar] hearing" in these proceedings has been "scheduled for July 1, 2025."  Caballero Decl. ¶ 17.

On June 12, 2025, ICE "mailed a copy of the new [Notice to Appear] . . . to [Petitioner] and his attorney" and coordinated personal service of the same upon Petitioner at the Delaney Hall Detention Facility. *Id.* ¶ 18. "On June 12, 2025, ICE attempted to conduct a new custody determination for [Petitioner]" but "was unable to [do so] due to an emergency incident requiring the attention of ICE personnel at [the Delaney Hall Facility]." *Id.* ¶ 19. ICE expected to "promptly conduct a new custody determination for [Petitioner] on June 13, 2025, or if that [wa]s not possible, as soon as practicable." *Id*. Petitioner's counsel could not confirm whether the custody determination occurred on June 13 because "the facility . . . appear[ed] to be on lockdown without access to any calls or visits" that day. Reply at 7.

On June 12, 2025, Respondents filed their opposition to the Petition. Petitioner submitted his reply on June 13, 2025.

## DISCUSSION

As Petitioner acknowledges on reply, "Respondents state they have now canceled [Petitioner's] . . . expedited removal order." Reply at 7. Accordingly, Petitioner's "claims concerning removal proceedings and expedited removal are moot." Opp. at 9. *See Yekimoff v. New York State Div. of Parole*, No. 02 Civ. 8710 (BSJ), 2003 WL 22305171, at *1 (S.D.N.Y. Oct. 8, 2003) ("dismiss[ing]" as moot, after "[p]etitioner was discharged from parole supervision," habeas "claims . . . relating to . . . the delay in [petitioner's] parole hearing and the subsequent denial of [petitioner's] parole").

With regard to Petitioner's challenge to his detention, Petitioner concedes that, "[f]or individuals who are in removal proceedings following entry without inspection and who, like [Petitioner], have no criminal history, detention is authorized by 8 U.S.C. 1226(a)." *See* ECF No. 5-2 (Memorandum of Law in Support of Petitioner's Application for an Order to Show Cause) at 10-11; 8 U.S.C. § 1226(a) (permitting "arrest[ ] and det[ention] pending a decision on

4

whether the alien is to be removed from the United States" and authorizing the Attorney General "to detain the arrested alien" or release the alien "on bond" or "conditional parole.") Respondents argue that exhaustion "should be required as a prudential matter" "in light of the extensive process available to [Petitioner] while detained under § 1226(a)." Opp. at 15. Respondents also note that Petitioner "has been detained for less than two weeks, and [that] ICE is in the process of making a custody determination, after which [Petitioner] can seek a custody redetermination before an immigration judge (*i.e.*, a bond hearing)." *Id.*

"A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (citing *Monestime v. Reilly*, 704 F.Supp.2d 453 (S.D.N.Y. 2010)). "While [28 U.S.C.] § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter 'before immigration detention may be challenged in federal court by a writ of habeas corpus.'" *Id*. (citing *Paz Nativi v. Shanahan*, No. 16 Civ. 8496 (JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017)).

"Nonetheless, in this Circuit, a district court may in its discretion excuse exhaustion when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Id*. (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.)) (denying petition for a writ of habeas corpus without prejudice where "a bond hearing [wa]s [already] scheduled"). "But this Court need not reach the merits raised by [Petitioner]'s petition," *id*. at 496, as "he can seek a custody redetermination before an immigration judge (*i.e.*, a bond hearing)," Opp. at 15. "Such a hearing, assuming it proceeds, largely scuttles [Petitioner's] petition." *Michalski*, 279 F. Supp.

5

3d at 496. "If the immigration judge releases [Petitioner] on bond, his petition would be moot." *Id*. "And even if the immigration judge denies bond, [Petitioner]'s petition could be mooted if the Board of Immigration Appeals reverses that determination." *Id*. "Because [Petitioner]'s [potential] bond hearing may provide him with the relief that he seeks—*i.e.*, his release—this Court concludes in the exercise of its discretion that [Petitioner] must exhaust these avenues before seeking judicial relief." *Id*. (citing *Paz Nativi*, 2017 WL 281751, at *2).

Petitioner's cases do not compel a different outcome. *See, e.g., Gill v. I.N.S.*, 420 F.3d 82, 87-88 (2d Cir. 2005) ("revers[ing] the [Board of Immigration Appeals'] removal order" and citing "manifest injustice" exception to statutory exhaustion requirement for immigration appeals pursuant to 8 U.S.C. § 1252(d), which has since been overturned, *see Grullon v. Mukasey*, 509 F.3d 107, 115 (2d Cir. 2007), *as amended* (Jan. 7, 2008) ("[W]e hold that there is no 'manifest injustice' exception to § 1252(d)'s exhaustion requirement. Insofar as our earlier opinions have held to the contrary, those opinions are overruled.")); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 53 (2d Cir. 2004) (relying on the now-overruled "manifest injustice" exception to 8 U.S.C. § 1252(d)); *Howell v. I.N.S.*, 72 F.3d 288, 293 (2d Cir. 1995) ("[T]he district court lacked jurisdiction to review the . . . denial of [petitioner]'s application for adjustment of status once deportation proceedings commenced, because she failed to exhaust her administrative remedies."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1052-53 (N.D. Cal. 2021) (preliminarily enjoining "[r]espondents and their agents from re-detaining [p]etitioner unless and until he [wa]s afforded a pre-deprivation hearing" following two bond hearings before immigration judges and an appeal to the Board of Immigration Appeals); *Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (concluding that the court "need not rule on the merits of [the government's administrative exhaustion argument] given the

Court's rejection of the jurisdictional bar on other grounds"), *amended on other grounds sub nom. Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025); *Velasco Lopez v. Decker*, 978 F.3d 842, 855, 857 (2d Cir. 2020) (holding that "prolonged incarceration, which had continued for fifteen months without an end in sight or a determination that [petitioner, a Deferred Action for Childhood Arrivals recipient,] was a danger or flight risk, violated due process"); *J.C.G. v. Genalo*, No. 24 Civ. 8755 (JLR), 2025 WL 88831, at *5-7 (S.D.N.Y. Jan. 14, 2025) (exercising discretion "to excuse [petitioner's] failure to exhaust [administrative remedies]" where "the Board [of Immigration Appeals] lack[ed] jurisdiction to reach Petitioner's constitutional claims" regarding "the burden at a Section 1226(a) bond hearing" and ordering a second bond hearing, where Petitioner had been subject to "prolonged detention . . . exceeding nine months"); *Fernandez Aguirre v. Barr*, No. 19 Civ. 7048 (VEC), 2019 WL 3889800, at *4-5 (S.D.N.Y. Aug. 19, 2019) (granting a preliminary injunction mandating the Government to conduct a second, "constitutionally adequate bond hearing" where petitioner "ha[d] been detained pending removal for more than seven months, despite his documented, corroborated, and severe mental health issues"); *Matter of Q. Li*, 29 I&N Dec. 66, at *71 (BIA 2025) (concluding that "an applicant for admission who was arrested . . . while arriving in the United States and thereafter placed in removal proceedings [and] [wa]s detained under [the expedited removal statute] . . . [wa]s therefore ineligible for bond."). Further, Petitioner cites to oral argument on a habeas petition in *Valdez v. Joyce*, 25 Civ. 4627 (GBD) (S.D.N.Y. June 12, 2025) (oral argument) and a memorandum of law in support of a motion for a temporary restraining order in *Ramirez Lopez v. Trump*, 25 Civ. 4826 (JAV), ECF No. 9 (S.D.N.Y. June 10, 2025). Rulings have not yet issued in either case.

"This is not to suggest that [Petitioner] may not seek habeas review of his . . . Fifth Amendment challenge[] to discretionary detention until after a removal determination." *Michalski,* 279 F. Supp. 3d at 497. If Petitioner "remains detained as a result of his [potential] bond hearing and any appeal to the Board of Immigration Appeals, he may file another habeas petition." *Id*. (citing *Cepeda v. Shanahan*, No. 15 Civ. 09446 (AT), 2016 WL 3144394, at *2 n.3 (S.D.N.Y. Apr. 22, 2016)).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 16, 2025
       New York, New York

                                        JENNIFER H. REARDEN
                                        United States District Judge